2008 WY 133

**Dale Wayne EATON, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

No. S–08–0235.

Supreme Court of Wyoming.

Nov. 14, 2008.

ORDER GRANTING PETITION FOR WRIT OF RE-VIEW, ORDER VACATING WARRANT OF EXE-CUTION, ORDER SETTING DATE OF EXECU-TION, AND ORDER STAYING EXECUTION

[¶ 1] **This matter** came before the Court upon a "Petition for Writ of Review, or in the Alternative, Petition for Writ of Certiorari" and "Petitioner's Motion for Stay of Execution," both filed herein October 24, 2008. After a careful review of the petition, the motion for stay, the State of Wyoming's "Response to Petition for Writ of Review or Writ of Certiorari and Motion for Amended Warrant of Execution," and the State of Wyoming's "Response to Petitioner's Motion for Stay of Execution," and the file, this Court finds that this matter should be determined without further briefing from the parties. The Court concludes as follows.

[¶ 2] With respect to the district court's "Warrant of Execution," this Court concludes that the warrant is defective because it does not set a specific date for execution of the death sentence. The Warrant provides that Petitioner's death sentence "shall be executed no later than December 19, 2008." In this Court's opinion affirming Petitioner's convictions and sentence, this Court remanded this case to the district court "for the purpose of vacating the suspension of the sentence of death and setting a specific date for the execution of that sentence." *Eaton v. State*, 2008 WY 97, ¶ 230, 192 P.3d 36, 124 (Wyo.2008). Also, the relevant statutes indicate that a warrant for execution should establish a specific date for execution. Wyo. Stat. Ann. §§ 7–13–905, 906, 909, and 910. The warrant does not set a specific date for execution, making it defective. This Court finds that the district court's "Warrant of Execution" should be quashed and vacated.

[¶ 3]   With the Warrant of Execution vacated, this Court must next determine how to proceed.   After a careful study of this matter, this Court finds that it would be most efficient if this Court follows the procedure that it used in its most recent similar case, *Harlow v. State*, 2003 WY 47, 70 P.3d 179, 212–14 (Wyo.2003).   Consistent with ˙ that precedent, this Court will employ a narrow stay approach, which will promote the timely handling of those direct and post-conviction remedies that Petitioner actually pursues.   Under this approach, this Court will set a specific date for execution of that sentence, and then stay the execution of that sentence pending Petitioner's timely application to the United States Supreme Court seeking a writ of certiorari.   The time for filing a petition for writ of certiorari with that Court is ninety (90) days from the date of this Court's denial of rehearing in Petitioner's direct appeal.   *See* Supreme Court Rule 13.3.   This Court believes that setting a new date of execution, rather than again remanding to the district court to set a new date of execution, may help avoid some inherent delays in this case, as well as conserve resources of the courts and the parties.   This Court does not foreclose, however, this Court's remanding to the district court to set a new date of execution if such course of action becomes appropriate in this case in the future.

[¶ 4]   This Court shall further order Petitioner's counsel to promptly inform this Court and the State of Wyoming of counsel's timely filing of application to the United States Supreme Court for a writ of certiorari asking that Court to review this Court's determination of his direct appeal.   This Court shall further order Petitioner's counsel to promptly inform this Court and the State of Wyoming when the United States Supreme Court has disposed of Petitioner's petition for writ of certiorari.   Upon that Court's disposition of Petitioner's petition for writ of certiorari, this Court may make such further orders as may then appear to be necessary and appropriate, if it still retains jurisdiction.   *See Harlow v. State*, 2003 WY 144, 78 P.3d 1044 (Wyo.2003); *Harlow v. State*, 2004 WY 55, 90 P.3d 92 (Wyo.2004); *Harlow v. State*, 2005 WY 16, 105 P.3d 1078 (Wyo.2005).   It is, therefore,

[¶ 5]   **ORDERED** that the petitioner, Dale Wayne Eaton, be allowed to proceed in this matter *in forma pauperis;* and it is further

[¶ 6]   **ORDERED** that the "Petition for Writ of Review, or in the Alternative, Petition for Writ of Certiorari," filed herein October 24, 2008, be, and hereby is, granted; and it is further

[¶ 7]   **ORDERED** that the "Warrant of Execution," entered by the district court on October 13, 2008, be, and hereby is, quashed and vacated; and it is further

[¶ 8]   **ORDERED** that the new date for execution of the sentence of death is December 19, 2008, a date more than thirty (30) days from the date of this order; and it is further

[¶ 9]   **ORDERED** that the execution of that sentence of death is hereby stayed pending Petitioner's timely application to the United States Supreme Court for a writ of certiorari, the time for Petitioner's filing a petition for writ of certiorari with the United States Supreme Court being ninety (90) days from the denial of rehearing in Petitioner's direct appeal; and it is further

[¶ 10]   **ORDERED** that Petitioner's counsel promptly notify this Court and the State of Wyoming of counsel's timely filing of application to the United States Supreme Court for a writ of certiorari asking that Court to review this Court's determination of his appeal.   Counsel shall provide such notification by filing a Status Report in this docket; and it is further

[¶ 11]   **ORDERED** that Petitioner's counsel promptly notify this Court and the State of Wyoming when the United States Supreme Court has disposed of Petitioner's petition for writ of certiorari.   Counsel shall provide such notification by filing a Status Report in this docket; and it is further

[¶ 12]   **ORDERED** that this Court retains jurisdiction over this matter, and the captioned case shall remain open for the filing of the Status Reports described above and for the issuance of any orders that may be necessary and appropriate; and it is further

[¶ 13] **ORDERED** that this order be published in Pacific Reporter Third.

BY THE COURT:
DATED this 14th day of November, 2008.
/s/ Barton R. Voigt
BARTON R. VOIGT
Chief Justice